IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KATHLEEN PYLE,<br>    Plaintiff,<br><br>    v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA,<br>    Defendant. | 2:16-cv-335 |

## **MEMORANDUM ORDER**

Now pending before the Court are Defendant's Motion to Compel Production of Medical Records and Executed HIPAA Authorizations (ECF No. 22) and Defendant's Motion to Compel Plaintiff to Provide ESI Search Terms (ECF No. 24). Plaintiff has filed responses in opposition to each motion (ECF Nos. 26 and 27), which will be addressed *seriatim*.

### **ECF No. 22**

The relevant background is as follows: Plaintiff identified three of her doctors as "individuals likely to have discoverable information" in her Rule 26(a)(1) initial disclosures. By letter dated July 7, 2016, Defendant's counsel requested copies of Plaintiff's medical records from those doctors from Plaintiff's counsel. Thereafter, Defendant learned that Plaintiff was also treated by a fourth doctor during the relevant time period. On August 30, 2016, Defendant provided HIPAA authorizations to Plaintiff's counsel to be signed by Plaintiff, allowing for the release of her medical records from the four doctors with whom she had treated. On September 6, 2016, Defendant's counsel formally served Plaintiff's counsel with a Request for Production of Documents (which, for some reason, Defendant refers to only as a "letter" in its motion) seeking the medical records, accompanied by a cover letter which requested that Defense counsel

provide the executed HIPPA releases that had previously been provided. To date, neither the medical records nor the signed HIPPA authorizations have been produced to Defendant.

And for good reason, says Plaintiff, since, under F.R.C.P. 34, she has 30 days to respond to Defendant's request for documents and that time period hasn't elapsed. The Court agrees. It will not preemptively compel Plaintiff to turn over medical records and HIPPA authorizations that she represents will be forthcoming within the time period required by the Federal Rules of Civil Procedure. Thus, Defendant's Motion to Compel Production of Medical Records and Executed HIPAA Authorizations is **DENIED** as premature. The Court expects that Plaintiff will fully comply with her discovery obligations and turn over the medical records and authorizations, as requested. Defendant can, of course, re-raise the issue if Plaintiff fails to comply in due time.

## ECF No. 24

Here is the background: Plaintiff's counsel served Defendant with a Request for Production of Documents on July 28, 2016, which sought, *inter alia*, "all emails, correspondence, memorandum, and/or other documents" from various Selective employees relating to Plaintiff's employment, particularly her receipt of disability benefits and the termination of her employment. Defendant responded by providing some relevant documents and also advised Plaintiff that "[i]n addition to the documents produced, additional email archives for various Selective employees have been retrieved." Def.'s Mot. ¶ 6, ECF No. 22 at 2. As a result, Defendant requested that "Plaintiff agree with Defendant on appropriate electronic search terms to be used to located [sic] any relevant documents therein." *Id.* Plaintiff's counsel refused. On September 6, 2016, Defendant's counsel e-mailed Plaintiff's counsel again asking for a "suggested list of search terms . . . so that we can agree on a common set of terms so that the

electronic records [Selective] has gathered can be searched for relevance." *Id.* Plaintiff's counsel responded by saying that the requests "are not requests for access to the email accounts of the individuals referenced in these requests that would necessitate our providing search terms and/or a protocol for the review of these accounts." Pl.'s Ex. A, ECF No. 27-1 at 2.

Not satisfied with that response, Defendant filed this motion, seeking an order compelling Plaintiff to provide ESI search terms or else relieving Defendant of the obligation to produce any ESI. Plaintiff objects, arguing that Defendant has cited no authority to support its request, nor identified any burden that it faces in locating and producing the requested emails.

Plaintiff's argument totally misses the mark; in fact, it borders on being incomprehensible. Far from being baseless, Defendant's request is entirely consistent with both the letter and spirit of the Federal Rules of Civil Procedure regarding the discovery of electronically stored information and this Court's Local Rules. It is well settled by now that "electronic discovery should be a party-driven process." *Romero v. Allstate Ins. Co.*, 271 F.R.D. 96, 109 (E.D. Pa. 2010) (internal citation omitted). The Federal Rules expressly require counsel to meet and confer on "any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced[.]" Fed. R. Civ. P. 26(f)(3)(C). "Among the items about which the court expects counsel to 'reach practical agreement' without the court having to micro-manage e-discovery are 'search terms, date ranges, key players and the like.'" *Romero*, 271 F.R.D. at 109 (quoting *Trusz v. UBS Realty Investors LLC*, 2010 WL 3583064, at *4–5 (D. Conn. Sep. 7, 2010)). Indeed, this principle is incorporated into this Court's Local Rules, which direct counsel to "meet and confer, and attempt to agree, on the discovery of ESI, including . . . an ESI search protocol, including methods to filter data, such as application of search terms or date ranges." LCvR 26.2(C). Accordingly, Defendant's motion

is **GRANTED** insofar as it seeks to compel Plaintiff to confer and come to an agreement on the search terms Defendant will use to cull through the additional email archives that Defendant has identified as having been retrieved. The Court will not set a deadline by which this must take place, but "it is in the best interest of all parties, to amicably resolve the outstanding issue of the methodology for ESI searching as expeditiously as possible, so that production can be completed" without unreasonably delaying discovery. *Patroski v. Ridge*, No. 2:11-CV-1065, 2011 WL 5593738, at *2 (W.D. Pa. Nov. 17, 2011).

It is **SO ORDERED**, this 30th day of September, 2016.

BY THE COURT:

s/ Terrence F. Mcverry
Senior District Court Judge

cc: **Joni M. Mangino, Esq.**
Email: mangino@zklaw.com
**Joseph W. Selep, Esq.**
Email: selep@zklaw.com
**Samantha Quinn, Esq.**
Email: squinn@zklaw.com

**Matthew A. Lipman, Esq.**
Email: mlipman@mdmc-law.com
**Craig J. Smith, Esq.**
Email: cjsmith@mdmc-law.com